UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:25-cv-09743-CV-AJR                         Date:  November 24, 2025
                                                                        Page 1 of 2

Title:     Hector Rojas, Jr. v. B. Birkholz, Warden

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                                     None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On October 10, 2025, *pro se* Petitioner Hector Rojas, Jr. ("Petitioner), an inmate in the custody of the Federal Bureau of Prisons ("BOP") at FCI Lompoc I, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 (the "Petition"). (Dkt. 1.)  In the Petition, Petitioner sought a court order directing the BOP to restore certain First Step Act credits. (Id. at 6.)  Specifically, Petitioner challenges the revocation of certain credits on or about September 19, 2025. (Dkt. 3 at 1, 9.)  On November 21, 2025, Respondent Warden B. Birkholz ("Respondent") filed a Motion to Dismiss contending that the Petition is now moot because the BOP has conducted a review of Petitioner's eligibility for First Step Act credits and restored Petitioner's credits. (Dkt. 11-1 at 3.)  Specifically, on November 17, 2025, Petitioner's First Step Act eligibility was updated and Respondent has provided a reported titled FSA Time Credit Assessment from Petitioner's electronic inmate central file dated November 18, 2025. (Id. at 3, 25-27.)

Accordingly, it appears that the BOP has granted all of the relief requested in the Petition and this action is now moot.  See Burnett v. Lampert, 432 F.3d 996, 999, 1000-01 (9th Cir. 2005).  Article III, Section 2 of the United States Constitution establishes the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-09743-CV-AJR                                  Date:  November 24, 2025
                                                                                          Page 2 of 2

Title:    Hector Rojas, Jr. v. B. Birkholz, Warden

---

scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."  The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them."  De Funis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted).  Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)).  "Mootness is a question of law, and federal courts must consider mootness *sua sponte*."  Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted).  "Mootness is jurisdictional."  Burnett, 432 F.3d at 999.

Accordingly, Petitioner is therefore **ORDERED TO SHOW CAUSE,** by **December 21, 2025**, why this action should not be dismissed for lack of jurisdiction based on mootness.  **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why this action is not moot.  Petitioner may also satisfy this Order by filing an opposition to the Motion to Dismiss and addressing Respondent's mootness arguments.**

If Petitioner agrees that this action is now moot, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

IT IS SO ORDERED.

Attachment:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).